UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALL STAR SEED,

Plaintiff,

v.

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,

Defendant.

Case No. 12CV146-L (BLM)

**ORDER DENYING (1) DEFENDANT'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION AND TO RECOVER COSTS AND FEES AND (2) PLAINTIFF'S MOTION TO STRIKE**

**[ECF Nos. 23 & 28]**

Currently before the Court is Defendant's September 25, 2012 Motion to Compel Plaintiff's discovery responses and recover costs and fees. ECF No. 23 ("MTC"), Plaintiff's October 5, 2012 opposition to the motion [ECF No. 26 "Oppo."], and Defendant's October 12, 2012 reply. ECF No. 27 ("Reply"). For the reasons set forth below, the Court **DENIES** Defendant's motion to compel and request to recover costs and fees.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed its complaint in this matter on January 18, 2012. ECF No. 1. The case concerns a dispute over insurance coverage. Id. at 1. Plaintiff, a company in the business of buying and selling hay [MTC at 4], alleges that Defendant improperly refused to indemnify it for substantial property loss that occurred after three arson fires in February and March of 2011 that destroyed Plaintiff's hay supply worth several million dollars. ECF

No. 1. Plaintiff alleges that Defendant's decision to deny coverage breaches the "Commercial Output Program" insurance policy entered into between the parties to provide insurance coverage from May 1, 2010 to May 1, 2011. MTC at 4.

On April 30, 2012, this Court issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings that set several deadlines related to discovery. ECF No. 17. On August 22, 2012, the parties filed a joint motion to continue Defendant's deadline to file a motion to compel further responses to its first set of Requests for Admissions, Requests for Production, and Special Interrogatories. ECF No. 20. The parties sought to extend the deadline because after meeting and conferring about Plaintiff's responses to Defendant's discovery requests, Plaintiff "agreed to provide supplemental responses to Nationwide's: (1) Request for Admissions Nos. 6, 7, 8, 24, and 25; (2) Request for Production of Documents Nos. 34, 35, and 38; and (3) Special Interrogatory No. 18," and additional time was needed to allow Plaintiff to prepare and serve the supplemental responses and for Defendant to review those responses. Id. at 2. The Court granted the motion and extended Defendant's deadline for filing a motion to compel to September 25, 2012. ECF No. 21.

On September 24, 2012, counsel for both sides contacted this Court's clerk to discuss the instant discovery dispute which was not resolved by Plaintiff's supplemental responses. ECF No. 22. In regard to the dispute, the Court found it appropriate to set a briefing schedule. Id. In accordance with the briefing schedule, on September 25, 2012, Defendant filed a discovery motion seeking a determination of the sufficiency of Plaintiff's responses to Defendant's first set of requests for admissions ("RFAs") and the recovery of the costs and fees in the amount of $3,243.98 incurred by Defendant in bringing this motion. ECF No. 23. Plaintiff filed a timely Opposition on October 5, 2012 [Oppo.] and Defendant replied on October 12, 2012. Reply. Having reviewed the briefing submitted, and for the reasons set forth below, Defendant's motion is **DENIED**.

///

///

**LEGAL STANDARD**

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. District courts have broad discretion to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action," Fed. R. Civ. P. 26(b)(1). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

Rule 36 authorizes a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: [] facts, the application of law to fact, or opinions about either . . . ." Fed. R. Civ. P. 36(a)(1)(A). Accordingly, the Ninth Circuit has determined that RFAs may request an application of law to fact. See Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 n.4 (9th Cir. 1994) (citing Fed. R. Civ. P. 36 advisory committee's note on 1970 amend.); see also Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (holding that RFAs may properly relate to "the application of law to fact," but "[r]equests for admissions cannot be used to compel an admission of a conclusion of law."). When answering a RFA, Rule 36 dictates "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith

requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Any objection to a request for production must state the grounds for the objection and a "party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). Under Rule 36, the "requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). The Court must then order that an answer be served unless the Court finds the objection to be justified. Id. If the Court finds that "an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id.

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If the motion is granted, "the court must, . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(I-iii). If the motion is denied, the court "must, . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Finally, if the motion is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion."

**DISCUSSION**

The instant discovery disputes concerns Plaintiff's responses and supplemental responses to Defendant's twenty-five RFAs. ECF No. 23-3 at 3 ("Pelanda Decl."). On May 8, 2012, Defendant served Plaintiff with its RFAs, set one. Id. Plaintiff served its response to the RFAs on June 26, 2012. Id. According to Defendant, Plaintiff's responses to the

RFAs were insufficient and Defendant requested a meet and confer in a letter dated August 16, 2012. Id. The parties met and conferred on August 21, 2012 for approximately ninety minutes. Id. After the meet and confer, Plaintiff's counsel agreed to provide supplemental responses to RFAs 6-8, and 24-25. Id. Plaintiff served its supplemental responses on September 11, 2012. Id. at 4.

I.  Plaintiff's Responses to Defendant's Requests for Admission

Defendant argues that Plaintiff's responses are still lacking and request that the Court determine the sufficiency of Plaintiff's responses to RFAs 1-25. MTC at 4. Specifically, Defendant wants the Court to "order either that the matters in Nationwide's RFAs Numbers 1 through 25 are admitted, or that All Star serve amended answers that either admit or specifically deny each RFA." Id. According to Defendant, most of the RFAs at issue "merely ask All Star to admit that it agreed to various obligations set forth in explicit provisions of the insurance contract." Id. at 6. Defendant claims that Plaintiff is attempting to state that the insurance policy as a whole is an enforceable agreement, but that specific provisions within the policy do not apply since Plaintiff's principal did not read them. Id. Defendant claims that Plaintiff's responses contain "baseless objections" and "denials that do not fairly respond to the substance of any of [Defendant's] requests." Id. at 7.

Plaintiff contends that Defendant's motion should be denied because Defendant propounded thirty-seven RFAs even though Fed. R. Civ. P. 36 only permits twenty-five and because Defendant attempted to abuse the discovery process by using its RFAs as special interrogatories. Oppo. at 8. Plaintiff further contends that its responses properly admit or deny Defendant's requests and should stand regardless of the Court's ruling on its objections which were appropriate. Id. at 9-11; 14-16. Finally, Plaintiff contends that its responses were properly qualified to address Defendant's attempts to draw out of context admissions that could later be used to assert unfair inferences. Id. at 11-14.

After carefully reviewing all of Plaintiff's responses, the Court finds that Plaintiff's responses to Defendants RFAs are sufficient under Fed. R. Civ. P. 36. While Plaintiff does

list a number of objections in its responses, Plaintiff also goes on to either specifically admit or deny (or some combination of the two) each RFA propounded by Defendant. This is in accordance with Fed. R. Civ. P. 36 which states that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." For example, Defendant's first RFA states

> "[a]dmit YOU understood at the time the POLICY was issued to YOU that coverage for any damage and/or loss to baled hay while outside of the buildings and in the open at YOUR Main Hay Yard, located at YOUR main processing facility at 2015 Silsbee Road, El Centro, California, would be provided pursuant to the terms, conditions and provisions of the Baled Hay In The Open Coverage Endorsement (CIOC420 0907) of the POLICY"

[Pelanda Decl. at 89, Exhibit C. ] and Plaintiff's response to RFA No. 1 states

> responding party admits that it understood that Nationwide was providing coverage to All Star in accordance with the terms, conditions, and provisions of the policy, which speaks for itself, as mutually understood by the parties in the context of their prior course of dealing, and only to the extent that Nationwide had not waived such terms, conditions, and provisions or was not estopped from asserting the applicability of such terms, conditions, and provisions. Responding party denies any portion of this request for admission not expressly admitted herein.

Id. Likewise, Defendant's ninth RFA states

> "[a]dmit, at the time the POLICY was issued to YOU, YOU agreed the following condition set forth in Section IV., subsection 1.b. of the Baled Hay In The Open Coverage Endorsement (CIOC420 0907) of the POLICY will be maintained for all baled hay in the open on YOUR Main Hay Yard: "[a] minimum of 50 feet of clear space must be maintained between stacks and property lines or fences."[1]

[Id. at 94-95] and Plaintiff's response to RFAs Nos. 9-11 states

> responding party admits that endorsement no. COPC420 0907 to the policy contains a provision which states that "[a] minimum of 50 feet of clear space must be maintained between stacks and property lines or fences," that the terms and conditions of the policy speak for themselves, and that the construction and/or enforceability of the terms and conditions are to be determined within the context of the parties' course of dealings. Responding party denies any portion of this request for admission not expressly admitted herein.

Id. at 95-97. The remainder of Plaintiff's responses are similar to the examples set forth

---

[1] Defendant's tenth and eleventh RFA were almost identical to the ninth RFA except the tenth RFA referred to the "North Hay Yard" and the eleventh RFA referred to the "East Hay Yard" in contrast to the "Main Hay Yard" described in the ninth RFA. Pelanda Decl. at 94-96, Exhibit C.

above and since they all specify the part of the RFA that is admitted and deny the remainder, the responses are sufficient.[2]

In addition, since Plaintiff completely denies RFA Nos. 4, 5, 24 and 25 by stating that "responding party denies this request," Defendant's motion is improper with respect to those RFAs. See AmeriPride Services, Inc. v. Valley Indus. Services, Inc., 2011 WL 1321873, *4 (E.D. Cal., April 1, 2011) (stating that "[i]f a request is completely denied, a motion to determine the sufficiency of the denial is improper" and that "[i]nstead, the truth of the matter must be proved at trial, whereafter the discovering party's only remedy is to move for payment of the expenses of such proof.") (citing FRCP 37(c)(2) and Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994)).

Because the Court finds that Plaintiff's responses to Defendant's RFAs are sufficient, the Court finds it unnecessary to rule on the validity of each objection that Plaintiff made in response to the RFAs.

II. Sanctions

Defendant and Plaintiff each seek to recover costs and attorneys' fees for their respective efforts in the discovery process. MTC at 17-18; Oppo. at 16-17. Defendant's claimed expenses and costs amount to $3,243.98[3]. MTC at 18; Pelanda Decl. at 10. Plaintiff seeks fees in the amount of $6,375.00[4] incurred in opposing Defendant's motion. ECF No. 26-6 at 4. ("Pyle Decl.").

Defendant's motion to compel has been denied, and, therefore, Defendant's request

---

[2]To the extent Defendant is dissatisfied with Plaintiff's responses, there are other discovery devices, such as depositions, available to Defendant to obtain additional information.

[3]Defendant arrived at this number by multiplying his hourly rate of $194.25 by 16.7 hours. Id. The 16.7 hours were broken down as follows, (1) .3 hours for the discovery conference call with the Court, (2) 2.5 hours of legal research, (3) .5 hours preparing the motion to compel, (4)1.8 hours to prepare the declaration of Brian Pelanda, and (5) an anticipated 4 hours to prepare a reply to Plaintiff's opposition. Id.

[4]Plaintiff's opposition states that Plaintiff is seeking $7,375 in fees. Oppo. at 17. However, the declaration of James H. Pyle states that Plaintiff incurred $6,375 in legal fees. Pyle Decl. at 4. Since the numbers provided in Mr. Pyle's declaration equal $6,375, the Court will assume that the request for $7,375 in the opposition was the result of a typographical error and was intended to read $6,375. Plaintiff arrives at its total by multiplying Plaintiff's counsel's rate of $250.00 per hour by 25.5 hours which was spent reviewing Defendant's motion to compel, researching, drafting and editing the opposition and related papers. Id.

for attorneys' fees incurred in preparing the motion to compel and reply also is **DENIED**. Rule 37 states that when a motion to compel is denied, the court "must, . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Here, the Court finds that Defendant's motion does not merit the imposition of sanctions. Accordingly, Plaintiff's request for attorneys' fees also is **DENIED**.

III. Motion to Strike

On October 18, 2012, Plaintiff filed a Motion to Strike New Argument and Evidence seeking to strike new arguments and evidence that Defendant allegedly presented in its reply [ECF No. 27] to Plaintiff's opposition [ECF No. 26]. ECF No. 28. In the alternative, Plaintiff requests leave to file a sur-reply to address the new arguments and evidence. Id. at 2. On the same day, defense counsel contacted the Court objecting to Plaintiff's motion and seeking an opportunity to oppose it. In light of the Court's analysis and decision, both parties' motions/requests are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: October 19, 2012

BARBARA L. MAJOR
United States Magistrate Judge