UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL STAR SEED,<br><br>          Plaintiff,<br><br>v.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>          Defendant. | Case No. 12CV146-L (BLM)<br><br>**ORDER FINDING THAT PLAINTIFF HAS NOT EXCEEDED TEN DEPOSITIONS UNDER FRCP 30(a) AND CONFIRMING THE DEPOSITION OF MR. KIRK STEWART ON MARCH 7, 2013 IN SAN DIEGO, CALIFORNIA** |

On February 22, 2013, attorneys Paul Hilding and Brian Pelanda jointly contacted the Court regarding a discovery dispute in the instant matter arising out of Plaintiff's noticed deposition of Mr. Kirk Stewart. ECF No. 42. In an effort to resolve this dispute expeditiously, the Court ordered the parties to lodge letter briefs with the Court by 12:00 p.m. on February 26, 2013. Id. The parties timely submitted their briefs.

Both parties have noticed the deposition of Mr. Kirk Stewart, Plaintiff's insurance broker, for March 7, 2013. Plaintiff has noticed the deposition to take place in the office of its counsel in San Diego, California while Defendant has noticed the deposition in Palm Desert, California.[1] While Plaintiff noticed the deposition before Defendant, Defendant

---

[1] Defendant is agreeable to noticing Mr. Stewart's deposition in San Diego at a location other than the office of Plaintiff's counsel.

argues that Plaintiff's deposition notice is impermissible because Plaintiff has already reached the ten deposition limit established under Federal Rule of Civil Procedure ("FRCP") 30(a)(2).

In support of its position, Defendant states that Plaintiff individually noticed and deposed Rose Nwaturuocha, Brad Ganskow, William Schiefler, Dan Begich, Michael Aylsworth, Matthew Westphalen, Ken Klug, Davis[2] Fortenberry, and Michael Johnson, and served a separate deposition notice pursuant to FRCP 30(b)(6) for the deposition of Defendant for a total of ten depositions. According to Defendant, Plaintiff is not entitled to take an additional deposition without leave of court or stipulation of the parties. In further support, Defendant notes that *after* notifying Plaintiff of the identities of each of its designees for the FRCP 30 (b)(6) deposition, Plaintiff served individual deposition notices for each designee pursuant to FRCP 30(a) and took the individual depositions simultaneously with the 30(b)(6) deposition. Defendant argues that because Plaintiff individually noticed the deposition of each corporate designee, the depositions count as separate depositions. Defendant seeks to have the Court issue an order stating that Plaintiff has noticed and taken the maximum of ten depositions allowed under FRCP 30(a), Plaintiff is not entitled to notice an eleventh deposition without leave of court, and that the subpoena that Plaintiff served on February 20, 2013 for the deposition of Mr. Stewart is impermissible and *void ab initio*.

In support of its position, Plaintiff states that it first attempted to schedule the deposition of Mr. Stewart on August 3, 2012 and that after a lot of discussion between the parties, Plaintiff noticed the deposition for November 28, 2012. Defendant later suggested postponing the Stewart deposition and Plaintiff agreed and tried to reschedule the deposition for January 22, 2013, but was unable to do so due to the schedule of Mr. Stewart's attorney. When Plaintiff again attempted to re-notice the deposition for February 20, 2013, Defendant contacted Plaintiff and stated that because Plaintiff had reached the

---

[2] Both parties refer to this witness as Davis in their letter briefs, although the deposition notice attached to Defendant's letter brief refers to David Fortenberry.

maximum number of depositions, Defendant would notice the deposition of Mr. Stewart. After an exchange of emails and a week without response, Plaintiff noticed Mr. Stewart's deposition for March 7, 2013.  Plaintiff also states that it has not exceeded the ten deposition limit because the amended deposition notices that it served naming each FRCP 30(b)(6) witness was done to ensure that each witness appeared at the correct time and location since the deposition schedule was changed several times and, that even if the individual depositions were counted separately, Plaintiff has only conducted nine depositions because the deposition of Defendant does not count as an additional deposition. Plaintiff seeks to have the Court issue an order permitting Plaintiff to take the deposition of Mr. Stewart as noticed because he has not exceed his limit of ten depositions or, if the Court finds that Defendant's position is correct, to permit the deposition to take place under FRCP 26(b)(2).

After reading and considering the letter briefs and counsel's arguments, the Court finds that Plaintiff has not exceeded the maximum number of depositions permitted under FRCP 30(b)(a) without leave of court.[3]  While it is possible that Plaintiff's decision to send amended notices clarifying the dates and times of the PMK witnesses was a procedural error, it is not clear to the Court that Plaintiff intended to notice individual depositions for the witnesses in addition to their depositions under FRCP 30(b)(6).  Additionally, in light of the numerous conversations between counsel regarding the scheduling of the depositions and the number of times depositions were re-noticed, the Court does not find Plaintiff's desire to confirm the times and dates of the depositions to be unreasonable, even if the manner in which he did so was procedurally incorrect or confusing.  The Court has also considered the fact that Plaintiff has been trying to notice the deposition of Mr. Stewart since August of last year and it would likely have taken place months ago had it not been

---

[3] Even if Plaintiff had reached the ten deposition limit, FRCP26(b)(2)(a) permits the Court to "alter the limit . . . on the number of depositions . . . under Rule 30" and the Court would do so under these circumstances.

1  for Defendant's scheduling concerns and Plaintiff's willingness to accommodate those
2  concerns.  Finally, neither Plaintiff nor Defendant provided this Court with directly relevant
3  and binding authority for their respective positions.  The case cited to by Plaintiff, Detoy v.
4  City & County of San Francisco, 196 F.R.D. 362 (N.D. Cal. 2000), does not contemplate the
5  situation where counsel has served individual deposition notices for the other side's FRCP
6  30(b)(6) designees, and the two treatises cited to by Defendant do not constitute binding
7  authority.[4]

8      Accordingly, the deposition of Mr. Kirk Stewart will take place as noticed by Plaintiff
9  on **March 7, 2013** at the office of Plaintiff's counsel in **San Diego, California**.
10     **IT IS SO ORDERED.**

12 DATED: February 28, 2013

14     BARBARA L. MAJOR
       United States Magistrate Judge

---

26  [4] In addition to not being biding authority, one of the treatises cited to, The Rutter Group, Federal Civil Procedure Before Trial, California & Ninth Circuit Edition, Ch. 11, Part IV-A (2012), simply states that when
27  counsel notices a deposition in a person's individual capacity and under FRCP 30(b)(6), the deposition **may** count as two depositions which is not a strong argument in either party's favor.